UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVEREST NATIONAL INSURANCE
COMPANY,

        Plaintiff,

v.

Case No. 6:17-cv-551-Orl-37GJK

AMATEUR ATHLETIC UNION OF
THE UNITED STATES; and SARAH
POWERS-BARNHARD,

        Defendants.

_____

ORDER

Today, as on nearly every day, the Court turns to address a new civil action that fails to allege sufficient facts to support subject matter jurisdiction.[1] In the hope that perhaps—just perhaps—members of the Bar will read, mark, learn, inwardly digest,[2] and—most importantly—apply this fundamental principle, this reminder:

**<u>Federal</u> <u>courts</u> <u>are</u> <u>courts</u> <u>of</u> <u>limited</u> <u>jurisdiction</u>!**

As a consequence of this constitutional edict, subject matter jurisdiction must be properly alleged in every complaint and notice of removal filed in this Court.[3] If it is not, then the

---

[1] In just the first seven months of 2017, the Bar's failure to meet this minimum jurisdictional pleading standard has required the Undersigned to dismiss, remand, or issue show cause orders in 41 civil actions.

[2] *See* BOOK OF COMMON PRAYER, Proper 28 (1662).

[3] Federal courts have the "power to decide only certain type of cases." *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Federal courts also have the obligation, in every case, to "zealously insure that jurisdiction exists." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

-1-

Court must summarily dismiss or remand the action to state court. *See* Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction appears to create the biggest pleading challenge for the Bar.[4] Time and again, counsel's submissions improperly allege an individual's residency instead of citizenship and an unincorporated business entity's (LLCs, e.g.) "principal place of business" instead of the identity and citizenship of every individual member. This failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue.[5]

This case is yet another example of counsel's failure to appreciate the fact that, in order to proceed in federal court, the litigant <u>must</u> establish subject matter jurisdiction by pleading facts that support it. In compliance with Rule 11 of the Federal Rules of Civil Procedure, if you are unsure about how to properly allege citizenship, do some basic research. Pending review of the applicable law, here are a few hints.

> ► DO NOT allege the "residence" of a party—<u>citizenship</u> is what counts.

---

[4] When an action is brought under § 1332, the Court must be sure that the plaintiff has alleged that the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction" in every complaint).

[5] The U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

- ► DO NOT allege that you <u>do</u> <u>not</u> <u>know</u> the citizenship of a party.

- ► DO NOT allege jurisdictional facts "on information and belief."

- ► DO know the differences between an incorporated entity and an LLC or a partnership for diversity purposes.[6]

- ► DO understand that until you have drilled down to a real person or incorporated entity and alleged their citizenship, you have not arrived.

- ► DO know what constitutes sufficient proof of the amount in controversy requirement.

- ► DO allege a basis of jurisdiction for every claim asserted—not just for the case as a whole.

Here, Plaintiff asserts that this Court has subject matter jurisdiction over its claims "[p]ursuant to 28 U.S.C. 1332" (Doc. 13, ¶ 4), but it has not provided the necessary factual allegations to support its jurisdictional assertion. To the contrary, Plaintiff has improperly alleged, "[u]pon information and belief," that Defendant Sarah Powers-Barnhard is a "citizen of Florida." (*See id.* ¶ 3.) Repleading is required to cure this deficiency.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

---

[6]The citizenship of an incorporated business entity turns on the entity's State of incorporation <u>and</u> the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The citizenship of an "unincorporated business association or entity" depends on the citizenship of its individual members. *See Scuotto v. Lakeland Tours, LLC*, No. 3:13-cv-1393, 2013 WL 6086046, at *1 (M.D. Fla. Nov. 19, 2013).

(1) The Amended Complaint (Doc. 13) is **DISMISSED WITHOUT PREJUDICE**.

(2) On or before **August 8, 2017**, Plaintiff may file an Amended Complaint that properly establishes the grounds for the Court's exercise of subject matter jurisdiction.

(3) Absent timely compliance with the requirements of this Order, this action will be **CLOSED** without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 1, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record